# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

                              Case No.  05-34870

ROBERT LEE SCHMIDT
STACY S. SCHMIDT

               Debtors


## MEMORANDUM ON DEBTORS' EMERGENCY
## MOTION TO REOPEN BANKRUPTCY CASE


**APPEARANCES:**    Robert Lee Schmidt
                    Stacy S. Schmidt
                    2509 Coning Road
                    Maryville, Tennessee  37803
                    *Pro Se Debtors*

                    WOOLF, MCCLANE, BRIGHT, ALLEN & CARPENTER, PLLC
                     Gregory C. Logue, Esq.
                     Post Office Box 900
                     Knoxville, Tennessee  37901
                     Attorneys for Litton Loan Servicing, L.P. and
                     Deutsche Bank National Trust Company.

                    GWENDOLYN M. KERNEY, ESQ.
                     Post Office Box 228
                     Knoxville, Tennessee  37901-0227
                     Chapter 13 Trustee


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Presently before the court is the Debtors' Emergency Motion to Reopen Bankruptcy Case (Motion to Reopen) filed on May 1, 2007, by the Debtors, acting *pro se*, asking the court to reopen their Chapter 13 bankruptcy case. Litton Loan Servicing, L.P. (Litton Loan Servicing) and Deutsche Bank National Trust Company (Deutsche Bank) filed a Response in Opposition to Debtors' Emergency Motion to Reopen Bankruptcy Case (Response) on May 23, 2007, arguing that the Debtors have failed to identify any grounds sufficient to justify reopening the case. Similarly, the Chapter 13 Trustee filed the Objection of Chapter 13 Trustee to Debtor's [sic] Emergency Motion to Reopen Case on May 23, 2007, arguing that the Debtors have had a history of multiple filings since 2001.

A hearing on the Motion to Reopen was held on May 30, 2007. No proof was taken. This Memorandum and accompanying order constitutes the ruling thereon.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (O) (West 2006).

**I**

The Debtors filed the Voluntary Petition commencing this Chapter 13 bankruptcy case on September 6, 2005,[1] and their Chapter 13 Plan was confirmed on January 11, 2006 (Confirmed Plan).[2] Under the Confirmed Plan, the Debtors were to pay $2,389.00 for two months and $3,200.00

---

[1] This was the Debtors' third bankruptcy case. The first case, #01-31323, was filed March 16, 2001, and dismissed on November 27, 2002, on the Trustee's certification of plan arrearages. The second, #05-32049, was filed *pro se* on April 11, 2005, and dismissed on May 25, 2005, for failing to make the first payment within 30 days.

[2] The Debtors were represented by Attorney John P. Newton, Jr., and the Law Offices of Mayer & Newton during the pendency of the present case.

2

each month thereafter for sixty months, with a 100% dividend to nonpriority unsecured creditors.

The Confirmed Plan also provided for payment of an ongoing obligation to "Litton Loan Servicing"

secured by a mortgage encumbering the Debtors' residence at 2509 Coning Road, Maryville,

Tennessee (Residence), by monthly maintenance payments of $2,126.41 and arrearages of

$45,000.00 to be paid in monthly installments of $800.00. The case was dismissed on May 2, 2006,

on the motion of the Chapter 13 Trustee, based upon feasibility because the filed claims were in

excess of the scheduled debts. On April 24, 2007, the case was closed by the Clerk and the Chapter

13 Trustee was discharged.

On March 20, 2007, Deutsche Bank, as assignee of the Debtors' Note and Deed of Trust from

New Century Mortgage Corporation, conducted a foreclosure sale of the Residence, at which it was

the high bidder with a purchase price of $279,000.00. A Substitute Trustee's Deed evidencing

Deutsche Bank's present ownership of the Residence was recorded in the office of the Blount County

Register of Deeds on March 20, 2007. Thereafter, Deutsche Bank commenced a detainer action

against the Debtors in the Blount County General Sessions Court, and on May 7, 2007, it was

awarded possession of the Residence, and a writ of attachment was issued.[3]

The Debtors filed the Motion to Reopen on May 1, 2007, in which they allege that Deutsche

Bank and/or Litton Loan Servicing do not have a lawful assignment of their Note and Deed of Trust

from New Century Mortgage Corporation, and that the foreclosure was therefore fraudulent. They

also argue that Litton Loan Servicing submitted an illegal proof of claim that included "illegal and

---

[3] These facts are taken from the May 23, 2007 Response filed by Litton Loan Servicing, L.P., and Deutsche
Bank National Trust Company and from the Substitute Trustee's Deed attached thereto.

3

unwarranted attorney fees, interest, late charges, miscellaneous fees, and escrow overages," and that although they wanted an objection to be filed to Litton Loan Servicing's proof of claim, their attorney refused, advising them to pay the claim as presented.  The Debtors also state that they have had ongoing litigation concerning the loan matter pending against Litton Loan Servicing in the United States District Court since June 5, 2006.

## II

The authority to reopen a closed bankruptcy case is derived from 11 U.S.C.A. § 350(b), which states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C.A. § 350(b) (West 2004).  The decision to reopen a case is within the sound discretion of the bankruptcy judge.  *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 540-41 (6th Cir. 1985).  Because "cause" is not defined by the statute, courts must consider motions to reopen on a case-by-case basis, weighing the underlying equities.  *In re Jenkins*, 330 B.R. 625, 628 (Bankr. E.D. Tenn. 2005); *In re Tarkington*, 301 B.R. 502, 506 (Bankr. E.D. Tenn. 2003).  A motion to reopen should not, however, be granted if it would be futile to do so, and no relief can be afforded the moving party.  *Tarkington*, 301 B.R. at 506.

Here, the court finds that there is no basis for, nor is there any purpose to be served by reopening this case.  There are no assets to administer and, based upon the Debtors' arguments and allegations, the court can afford the Debtors no relief by reopening the case.  They seek to reopen in order to address issues concerning their Residence; however, a foreclosure of this property has

already occurred, and title has been transferred to Deutsche Bank.  Deutsche Bank has been awarded

possession of the Residence through a detainer action, and a writ of possession has been issued.

"The purpose of Chapter 13 is described in H.R. Rep. No. 95-595, at 118 (1977) as enabling

a debtor to 'develop and perform under a plan for the repayment of his debts over an extended

period.'"  *In re Davis*, 348 B.R. 449, 452 (Bankr. E.D. Mich. 2006).  The Debtors' reasons for

reopening, to address issues concerning the Residence and the validity of the foreclosure sale a full

year after dismissal, do not further those purposes.  As such, reopening the Debtors' bankruptcy case

serves no purpose with respect to the Residence, which would no longer even be property of the

estate, or the actions of Litton Loan Servicing and/or Deutsche Bank, and doing so would thus be

an exercise in futility.  Issues concerning the validity of the foreclosure that took place on March 20,

2007, ten months after the Debtors' bankruptcy case was dismissed, are best addressed in the state

court or in the district court lawsuit that is currently pending.  Accordingly, the Debtors' Motion to

Reopen shall be denied.

An order consistent with this Memorandum will be entered.

FILED:  May 31, 2007

BY THE COURT

*/s/  RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE

5